# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JESSIE SAMUEL RUFUS BENFORD, )<br>)<br>    Plaintiff, )<br>)<br>  vs. )<br>)<br>MISSOURI COURT OF APPEALS )<br>EASTERN DISTRICT, )<br>)<br>    Defendant. ) | Case No. 4:22-CV-52-JCH |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Jessie Samuel Rufus Benford for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(a)(1). Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed this action on the Court's "Civil Complaint" form against the "Missouri Court of Appeals Eastern District." ECF No. 1. In the section designated for plaintiff to assert his statement of claim, he alleges the following:

> I, Jessie Benford, was discriminated against and slandered via Missouri Court of Appeals Eastern District when ruling was made against myself, claiming that I quit my job when my employer (Schneider Nat. Jack Filina) admitted to terminating myself in federal court on 6-18-2019.

*Id.* at 5.

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed this action on the Court's "Civil Complaint" form against the "Missouri Court of Appeals Eastern District." ECF No. 1. In the section designated for plaintiff to assert his statement of claim, he alleges the following:

> I, Jessie Benford, was discriminated against and slandered via Missouri Court of Appeals Eastern District when ruling was made against myself, claiming that I quit my job when my employer (Schneider Nat. Jack Filina) admitted to terminating myself in federal court on 6-18-2019.

*Id.* at 5.

2

Plaintiff seeks $500,000 in compensatory damages and $5,000,000 in punitive damages. *Id.*

### Discussion

Having carefully reviewed the complaint, the Court concludes this action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is legally frivolous and/or fails to state a claim upon which relief may be granted

Although plaintiff names the "Missouri Court of Appeals Eastern District" as the defendant in this matter, it appears from the allegations in his Statement of Claim that he actually intends to sue the United States Court of Appeals for the Eighth Circuit. On March 21, 2019, plaintiff filed an employment discrimination complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, against his former employer, Schneider National Carriers.[1] *Benford v. Schneider Nat'l Carriers, Inc.*, Case No. 4:19-CV-550-MTS (E.D. Mo. Mar. 21, 2019). Within his complaint, plaintiff asserted Jack Falina was his supervisor. *Id.* at ECF No. 1.

On March 25, 2019, this Court reviewed plaintiff's employment discrimination complaint pursuant to 28 U.S.C. § 1915, dismissed several allegations for failure to exhaust administrative remedies, and issued process on his religious discrimination claims. *Benford*, 2019 WL 1326642. Defendant filed a motion to dismiss, which was denied on September 9, 2019. *Benford*, 2019 WL 4260301. Subsequently, plaintiff and defendant filed motions for summary judgment.

On July 19, 2021, the Court denied plaintiff's motion and granted defendant's motion for the following reasons:

---

[1] *See Lockett v. United States*, 333 F. App'x 143, 144 (8th Cir. 2009) (citing *Chandler v. United States*, 378 F.2d 906, 909-10 (9th Cir. 1967) (district court can take judicial notice of its own records, even if court records are not actually brought before judge who is asked to take such judicial notice)).

> Plaintiff failed to provide sufficient evidence in support of his claims for religious discrimination; he has neither provided direct evidence of religious discrimination nor established a prima facie case of discrimination. Defendant, meanwhile, has demonstrated that Plaintiff's employment with Defendant ended after Plaintiff failed to meet Defendant's reasonable requirements for his employment and also after he failed to report to work on multiple occasions. The Court has no grounds for finding that Defendant discriminated against Plaintiff on the basis of religion.

*Benford*, 2021 WL 3033346, at *4. Plaintiff appealed, and the United States Court of Appeals for the Eighth Circuit affirmed. *Benford v. Schneider Nat'l Carriers, Inc.*, No. 21-2717, 2022 WL 97108, at *1 (8th Cir. 2022) (unpublished).

In the instant action, plaintiff appears to sue the United States Court of Appeals for the Eighth Circuit for affirming the Eastern District's dismissal of his employment discrimination complaint. Such an allegation is frivolous and fails to state a claim. As a part of the government of the United States of America, the United States Court of Appeals for the Eighth Circuit, and the United States District Court for the Eastern District of Missouri are entitled to sovereign immunity which bars suit absent an explicit waiver of that immunity. *See, e.g., United States v. Shaw*, 309 U.S. 495, 500-01 (1940) (a suit against the United States or its agencies is barred by the doctrine of sovereign immunity unless the United States gives prior consent to suit); *Iverson v. United States*, 2020 WL 5104268, at *1 (8th Cir. 2020) ("Generally, sovereign immunity prevents the United States from being sued without its consent."). Such waiver must be "unequivocally expressed" and "cannot be implied." *See United States v. King*, 395 U.S. 1, 4 (1969). *See also College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682 (1999) (stating that "in the context of federal Sovereign immunity . . . it is well established that waivers are not implied"). Plaintiff, here, has not shown a basis upon which sovereign immunity has been expressly waived for his alleged claims against the Eighth Circuit.

To the extent plaintiff's complaint can be liberally construed to allege a claim against the Appellate or District Court Judges, such a claim also fails. Judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). Plaintiff's allegations contest the Eighth Circuit's determination to affirm the District Court. The decision of an appellate court to affirm or deny an appealed case is clearly an act taken by a judicial officer for which absolute judicial immunity is entitled. The law does not subject a court, a judge or clerk to suit by unsuccessful litigants.

For the above-stated reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B).

### Motion to Appoint Counsel

Plaintiff filed a motion for appointment of counsel. ECF No. 3. This request will be denied as moot as this action is being dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (ECF No. 3) is **DENIED.**

5

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** than an appeal from this dismissal would not be taken in good faith.

Dated this 19th day of January, 2022.


/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE