# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JESSIE SAMUEL RUFUS BENFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-cv-52-HEA |
| | ) | |
| MISSOURI COURT OF APPEALS EASTERN DISTRICT, | ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This closed case is before the Court on a 'Memorandum for Clerk,' dated February 13, 2023, filed by self-represented plaintiff Jessie Samuel Rufus Benford. ECF No. 7. The Memorandum asks the Court to reconsider its January 19, 2022 dismissal of this action. For the reasons discussed below, plaintiff's request will be denied.

### Background

On January 13, 2022, plaintiff filed this action against the 'Missouri Court of Appeals Eastern District.' ECF No. 1. On January 19, 2022, the Court reviewed and dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for legal frivolity and failure to state a claim upon which relief could be granted. ECF Nos. 4, 5. In dismissing this case, the Court explained that the defendant court was immune to suit, as are judges who are engaging in judicial actions within their jurisdiction. ECF No. 4 at 4-5.

Approximately thirteen months after the dismissal of this action, plaintiff submitted the instant Memorandum asking the Court for reconsideration of his claims. ECF No. 7. In the caption of the Memorandum he lists three individuals as defendants who were not named in the original

complaint: James M. Dowd, Gary Gaertner, and Robin Random.[1] He indicates that he originally intended to sue the state, not federal, appellate court. The letter provides no argument or basis for why a motion to amend or motion for reconsideration should be granted, other than reasserting and expounding on the same arguments in his initial complaint.

## Discussion

After liberally construing and carefully reviewing the Memorandum filed by self-represented plaintiff in this closed case, the Court will deny the request for reconsideration.

It is unclear from the Memorandum whether plaintiff intends for the request to be brought under Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason). *See Sanders v. Clemco Indus.*, 862 F.2d 161, 164-65, 168-69 (8th Cir. 1988) (discussing differences in characterizing unlabeled motion for reconsideration as either under Rule 59(e) or Rule 60(b)).

Rule 59(e) requires that any motion to alter or amend judgment be filed no later than 28 days after entry of the judgment. *See White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982) (Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment). The Court issued its Order of Dismissal on January 19, 2022. The Memorandum currently before the Court is dated February 13, 2023. To the extent plaintiff seeks relief under Rule 59(e), the Court denies the request as untimely.

In contrast to Rule 59(e), Rule 60(b) provides permits a Court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[1] The Court notes that these individuals are state court judges.

      (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
      (4) the judgment is void;
      (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
      (6) any other reason that justifies relief.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). It is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the Court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). Plaintiff's Memorandum fails to point to any valid reason justifying reconsideration of the Court's judgment. Instead, the Memorandum merely revisits the same arguments made in plaintiff's complaint and asks the Court to reconsider the facts of this case. Plaintiff is therefore not entitled to reconsideration of the dismissal of his complaint.

To the extent plaintiff is intending to amend his dismissed complaint by clarifying who he originally meant to sue or by adding new defendants, such an attempt is improper. First, this case is closed and has been closed since January 2022. Plaintiff may not reargue or attempt to create new pleadings in a case that is concluded. If plaintiff wishes to pursue any of the claims in this case against a different defendant or defendants, he must open a new case by filing a new complaint. Second, even if the state court was a party in the original action, any claim against it would have been legally frivolous because state courts are protected by Eleventh Amendment immunity. *Harris v. Missouri Court of Appeals, Western Dist.*, 787 F.2d 427, 429 (8th Cir. 1986).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's February 13, 2023 Memorandum to the Court, construed as a motion for reconsideration, is **DENIED**. [ECF No. 7].

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 21st  day of February, 2023.

                                          HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE